IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 11-262 |
| JASON LAMAR PRESSLEY : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                       **JULY  15 , 2015**

      Presently before the Court is Petitioner Jason Lamar Pressley's *pro se* Motion to Modify, Correct, and/or Terminate Supervised Release Pursuant to 18 U.S.C. § 3583. (ECF No. 18.)[1] For the following reasons, Petitioner's Motion will be denied.

**I.   BACKGROUND**

      On May 3, 2006, Petitioner entered a plea of guilty in the United States District Court for the Middle District of Pennsylvania to one count of use of a firearm during, in relation to, and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) and (2). (Judgment 1, Receipt of Transfer Docs., ECF No. 3.) Petitioner was sentenced to a prison term of 60 months, followed by three years of supervised release. (*Id*. at 2-3.) As a condition of his supervised release, Petitioner was required to refrain from committing another federal, state, or local crime, and was prohibited from unlawfully possessing or using a controlled substance. (*Id*. at 3.)

---

[1] We subject *pro se* pleadings to a liberal review. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," is to be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21, (1972) (per curiam); *see also Higgs v. Att'y Gen. of the U .S.*, 655 F.3d 333, 339 (3d Cir. 2011).

Petitioner's period of supervised release began on March 13, 2010. (Transfer Order, Receipt of Transfer Docs.) Jurisdiction over Petitioner's supervised release was transferred from the Middle District of Pennsylvania to this Court on May 4, 2011. (*Id*.) On September 14, 2012, a summons was issued directing Petitioner to appear at a revocation of supervised release hearing. (Violation Report 3, ECF No. 5.) The Violation Report prepared by the United Stated Probation Office stated that Petitioner had committed a grade A violation of his supervised release by illegally possessing a controlled substance with the intent to distribute. (*Id*. at 2.) The Violation Report stated that Petitioner had been arrested by the Philadelphia Police Department for engaging in the hand-to-hand sale of narcotics. At the time of his arrest, Petitioner was found to be in possession of five packets of crack cocaine and one packet of marijuana. (*Id*.)

On October 5, 2012, a violation of supervised release hearing was held. (Oct. 5, 2012 Hr'g Tr., ECF No. 20.) Petitioner was found in violation of the terms and conditions of his supervised release and taken into custody. (*Id*. at 58-59.) On October 12, 2012, Petitioner was sentenced to 37 months in prison, followed by 18 months of supervised release. (Oct. 12, 2012 Hr'g Tr. 19, ECF No. 21.)

On March 14, 2013, Petitioner filed the instant Motion to modify, correct, and/or terminate supervised release. (Pet'r's Mot., ECF No. 18.) On March 26, 2013, the Government sent the Court a letter requesting that we direct an order to Petitioner consistent with the requirements of *United States v. Miller*, 197 F.3d 644 (3d. Cir 1999). (Gov't's Mar. 26, 2013 Ltr. (on file with Court).)[2]  On April 1, 2013, Petitioner filed a motion to amend under Rule 15

---

[2] In *Miller*, the Third Circuit held that district courts cannot recharacterize a *pro se* postconviction motion without first notifying the defendant that he can:

of civil and/or criminal procedure.  (Pet'r's Mot. to Amend, ECF No. 19.)  The motion acknowledges Petitioner's receipt of the Government's March 26 letter and requests that we rule upon his Motion as filed—without characterizing it as a petition under 28 U.S.C.§ 2255, unless re-characterization is necessary to deal with the issues.  (*Id*. at 6.)

## II.     PETITIONER'S CONTENTIONS

Petitioner makes a number of arguments in support of his claim that his constitutional rights were violated under the Fifth and Fourteenth Amendments.  Petitioner maintains that because he "was not found guilty of the state charges before his supervised release was violated," this Court could not "conclusively establish that [he] committed an A, B, or C violation."  (Pet'r's Mot. 1-2.)  Petitioner also asserts that the pending state charges are not crimes of violence, and are not Class A felonies.  (*Id*. at 2.)  In addition, Petitioner contends that he should have had fewer criminal history points, and that his total sentence should be 21 months, because most of his past crimes were related under Amendment 493 to the United States Sentencing Guideline ("U.S.S.G.").  (*Id*.)  Finally, Petitioner requests "a judicial recommendation to the bureau of prisons [("BOP")] for 12 months" of pre-release custody, pursuant to 18 U.S.C. §§ 3621 and 3624.  (*Id*. at 8.)

---

> (1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file successive petitions absent certification by the court of appeals; or (3) withdraw the motion, and file one all-inclusive § 2255 petition within the one-year statutory period.

*Miller*, 197 F.3d at 652.

### III. MOTION TO MODIFY, CORRECT, AND/OR TERMINATE SUPERVISED RELEASE UNDER 18 U.S.C. § 3583

"Section 3583 is the general section instructing district courts on the parameters of supervised release." *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). The statute provides, in pertinent part, that district courts may:

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision . . . .

18 U.S.C. § 3583(e). "The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *Pregent*, 190 F.3d at 282-83. In contrast, "[t]he statute does not provide a mechanism for a collateral attack on an individual's original unappealed sentence." *Id.* at 283.

To the extent that Petitioner seeks termination of his supervised release under section 3583(e)(1), his claim fails because he is still in prison and has not served a full year of supervised release. *United States v. Nestor*, 461 F. App'x 177, 179 (3d Cir. 2012) (denying the defendant's motion to reduce the term of his supervised release because "[s]ection 3583(e)(1) contemplates the reduction of a term of supervised release only after a defendant has served one year of his term of supervised release."). Furthermore, to the extent that Petitioner seeks

4

modification of the term and conditions of his supervised release under § 3583(e)(2), his claim fails because he has not identified the conditions that he seeks to modify.

Petitioner's arguments appear to attack the legality of the sentence that he received for violating the conditions of his supervised release. These arguments should have been raised either on direct appeal or in a motion under section 2255. *See Nestor*, 461 F. App'x at 179 ("The plain language of subsection 3583(e)(2) indicates that the illegality of a condition of supervised release is not a proper ground for modification under this provision." (quoting *United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997))); *see also Pregent* 190 F.3d at 283 ("In as much as [the defendant] was attempting to collaterally attack his original sentence through his 18 U.S.C.A. § 3583(e) . . . motion by arguing that his supervised release should be terminated because his prison sentence extended beyond that which was required by law, he should have presented those arguments in a motion for habeas relief under 28 U.S.C.A. § 2255."); *Kirksey v. Samuels*, 235 F. App'x 949, 950 (3d Cir. 2007) (per curiam) ("Generally, a challenge to the validity of a federal conviction or sentence must be brought in a § 2255 motion.").

### IV.  MOTION TO VACATE/SET ASIDE/CORRECT SENTENCE UNDER 28 U.S.C. § 2255

"[D]istrict courts have 'routinely converted post conviction motions of prisoners who unsuccessfully sought relief under some other provision of law into motions made under 28 U.S.C. § 2255 and proceeded to determine whether the prisoner was entitled to relief under that statute.'" *Miller*, 197 F.3d at 648 (quoting *Adams v. United States*, 155 F.3d 582, 583 (2d Cir. 1998)). Prior to making this conversion, courts are required to inform a pro se petitioner of the consequences of filing a section 2255 petition. *See supr*a at n.1; *see also United States v. Gross*,

168 F. Supp. 2d 383, 385 (E.D. Pa. 2001) (sending the defendant a *Miller* letter notifying him of the court's intention to treat his motion as a petition under section 2255). However, "the Third Circuit has excused the notification requirements when 'notice would serve no purpose.'" *Roberts v. United States*, No. 04-5045, 2007 WL 4591320, at *4 (D.N.J. Dec. 31, 2007) (quoting *Smith v. Nash*, 145 F. App'x. 727, 729 (3d Cir. 2005)).

It is not necessary to notify Petitioner of the re-characterization of his Motion under section 2255. Petitioner received notice from the Government concerning the consequences of conversion. Moreover, notice would serve no purpose here since the statute of limitations for filing a petition under section 2255 has expired. *Smith*, 145 F. App'x at 728 (observing "that notice would serve no purpose because the statute of limitations applicable to any § 2255 motion [that the defendant] may file had expired").

### A.   Legal Standard

Under section 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground[s] that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under this provision is generally available "to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989).

While the court may in its discretion hold an evidentiary hearing on a section 2255 petition, *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989), such a hearing need not be held if the "motion and the files and records of the case conclusively show that the prisoner is entitled

to no relief." 28 U.S.C. § 2255(b); *see also United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).

### B.      Analysis

#### 1.      *Violation of Supervised Release*

Petitioner contends that because he was not found guilty of the state crimes that led to his violation of supervised release, this Court could not conclusively establish that he had committed an A, B, or C violation of his supervised release. (Pet'r's Mot. 1-2.) Petitioner is wrong.

Section 3583(e)(3) of Title 18 of the United States Code provides that district courts may

> [R]evoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). District Courts are afforded "'broad discretion'" in finding violations of supervised release. *United States v. Kenner*, 370 F. App'x 281, 286 (3d Cir. 2010) (quoting *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004)). "When the condition at issue is whether the defendant committed a new crime, there is no conviction or indictment requirement. Rather, a court can revoke supervised release whenever it is reasonably satisfied that the defendant violated a condition." *Id*. at 285-86 (internal citations and quotation marks omitted); *see also United States v. Felipa*, Nos. 90-72, 02-513, 2002 WL 31921293, at *2 (D. Del. Dec. 30, 2002) ("It is well-established that a [d]efendant may be found guilty of a violation of

supervised release based on charges which were subsequently dismissed by the [s]tate."). "If a defendant, while under supervision, is found to have unlawfully possessed a controlled substance, the district court is required to revoke supervised release and sentence the defendant in accordance with subsection (e)(3)." *United States v. Bungar*, 478 F.3d 540, 544 (3d Cir. 2007) (citing 18 U.S.C. § 3583(g)(1)).

In this case, the Court heard testimony from three police officers. The testimony established that Petitioner was observed engaging in the hand-to-hand sale of narcotics. (Oct. 5 Hr'g Tr. 11-13.) Petitioner was observed exchanging small clear packets with two separate individuals in exchange for United States currency. (*Id*.) These transactions were viewed by a police officer from a distance of three to five feet. (*Id*. at 12-13.) Immediately prior to his arrest, Petitioner was also observed tossing numerous small clear packets to the ground. (*Id*. at 32-33, 40) Five of these packets were immediately recovered. (*Id*. at 33.) Two packets were field tested. They contained cocaine base and marijuana. (*Id*. at 35.) This testimony was more than sufficient for the Court to conclude by a preponderance of the evidence that Petitioner had violated the terms of his supervised release.

                            2.      *Term of Imprisonment for Violation of Supervised Release*

Petitioner argues that this Court could not "conclusively" establish that he committed a grade A violation of his supervised release because he was not convicted and sentenced by the state court. (Pet'r's Mot. 2) Petitioner also contends that his constitutional rights were violated because the charges that resulted in the revocation of his supervised release were not crimes of violence or class A felonies. (*Id*.) In addition, Petitioner maintains that because his past crimes were related under the U.S.S.G., "[h]e should have fewer Criminal History points and his total sentence should be 21 months." (*Id*.)

8

Section 7B1.4(a) of the U.S.S.G. sets forth advisory guidelines for sentences imposed as a result of supervised release in a Revocation Table. *Bungar*, 478 F.3d at 544. The range of imprisonment is based upon the defendant's criminal history and grade of violation. U.S.S.G. § 7B1.4(a). The advisory guidelines increase under section 7B1.4(a)(2) "[w]here the defendant was on probation or supervised release as a result of a sentence for a Class A felony[.]" U.S.S.G. § 7B1.4(a)(2).

        (i)        Criminal history

"The criminal history category to be used in determining the applicable range of imprisonment in the Revocation Table is the category determined at the time the defendant originally was sentenced to the term of supervision." U.S.S.G. § 7B1.4 cmt. n.1. A defendant is not permitted to challenge the calculation of his criminal history at a revocation proceeding, because such arguments should be "made in a direct appeal from the underlying conviction and sentence . . . ." *United States v. McClain*, 334 F. App'x 756, 757 (7th Cir. 2009) (collecting cases). Challenges to a defendant's criminal history category can also be raised in a collateral attack under section 2255. *United States v. Chisolm*, 559 F. App'x 800, 802 (11th Cir. 2014).

Even if we assume that Petitioner's challenge is timely, he cannot establish that he is entitled to relief.[3] Petitioner's failure to object to his criminal history category on direct appeal

---

[3] It is questionable whether Petitioner's claim is barred by the one year statute of limitations imposed by section 2255. 28 U.S.C. § 2255(f). In *United States v. Robinson*, the defendant filed a section 2255 motion challenging the district courts revocation of his supervised release. Nos. 96-90, 00-692, 2001 WL 840231, at *1 (D. Del. July 20, 2001). The defendant argued that his counsel was ineffective at his original Rule 11 hearing and subsequent sentencing. *Id.* at *3. The defendant also argued that he was improperly convicted of committing a Class B felony rather than a Class A felony. *Id.* at *2. The court found that the former argument was time barred because the defendant's section 2255 motion was filed more than one year after his conviction became final. *Id.* at *3. However, the later argument was not time barred because it had a "direct bearing on the term of incarceration imposed by the [c]ourt

9

"severely limits his ability to raise the issue collaterally." *United States v. Turner*, 88 F. App'x 307, 331 (10th Cir. 2004). To avoid procedural default, Petitioner must show cause for his failure to object and actual prejudice resulting from the alleged error. *United States v. Frady*, 456 U.S. 152, 167-68 (1984). Petitioner's claim fails because he has made no attempt to explain why he failed to raise this argument on a direct appeal. *See Turner*, 88 F. App'x at 311. Moreover, Petitioner has provided no support for his assertion that his past crimes were related under the U.S.S.G. In contrast, the Government has submitted a memorandum setting forth Petitioner's five adult criminal convictions. (ECF No. 15.) The offenses underlying these convictions were separated by intervening arrests. Clearly, Petitioner's argument is without merit. *Johnson v. United States*, No. 06-4475, 2007 WL 2033420, at *6 (D.N.J. July 10, 2007) ("Prior convictions are not considered related if the offenses were 'separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).'" (quoting U.S.S.G. § 4A1.2 cmt. n.3 (1993))).

     (ii) Grade of violation

Section 7B1.1(a) of the U.S.S.G. provides that there are three grades of supervised release violations.

> (1) Grade A Violations--conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;

---

for his violation of supervised release." *Id*. at *2. *But see Vasquez-Campos v. United States*, Nos. 10-114, 07-1509, 2011 WL 31867, at *2 (S.D. Tex. Jan. 5, 2011) (finding that the defendant's petition was "timely as it pertains to the revocation of his supervised release," but that the defendant was impermissibly attempting to "challe[nge] the underlying conviction by bootstrapping it to the revocation judgment." *Id*. at *2.

>(2) Grade B Violations--conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;
>
>(3) Grade C Violations--conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7B1.1(a)(1)-(3). "[T]he commission of a 'controlled substance offense,' one that involves the distribution of or possession with intent to distribute a controlled substance, is a grade A violation, which mandates the revocation of supervised release." *Johnson v. United States*, 413 F. Supp. 2d 353, 357-58 (D. Del. 2006).

As explained above, the Government proved by a preponderance of evidence that Petitioner violated the terms of his supervised release by committing a controlled substance offense that involved the possession of a controlled substance with the intent to distribute. This was sufficient to establish a grade A violation. *Id*. at 357 (rejecting the petitioner's argument that he did not commit a grade A violation "[b]ecause the court found, by a preponderance of the evidence, that petitioner violated a condition of his supervised release").

### (iii) Class A felony

"A 'Class A felony' is defined as a crime for which the maximum punishment is life imprisonment or death." *United States v. McCollum*, 548 F. App'x 65, 66 (3d Cir. 2013). The Third Circuit has held that a conviction under section 924(c) is a Class A felony because the statute "'indicates an intention to make life imprisonment the statutory maximum.'" *Id*. (quoting *United States v. Shabazz*, 564 F.3d 280, 289 (3d Cir. 2009)). The guideline range for a defendant who is convicted of a Class A felony, and has a criminal history of IV, is 37-46 months, if the defendant commits a grade A violation. U.S.S.G. § 7B1.4(a).

Here, Petitioner's underlying conviction was for use of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1), which is a Class A felony. Given Petitioner's criminal history category of IV, the U.S.S.G. called for a guidelines range of 37-46 months. We did not err by sentencing Petitioner to a prison term of 37 months.

        3.      *Time Served and Early Release*

Finally, Petitioner appears to argue that he should be given credit for the amount of time that he spent on supervised release for his underlying conviction. Specifically, Petitioner notes that he was "sentenced to a total of 55 additional months after he had served 29 months of his original sentence" (Pet'r's Mot. 1-2), and asserts that the "BOP staff re-sentenced [him] back to his original sentence that is complete and without any force or effect" (Pet'r's Mot. to Amend 1). Petitioner also argues that the BOP has precluded him from early release pursuant to 18 U.S.C. §3621(e)(2)(b), despite the fact that this Court informed him that he would receive time off for completing a drug treatment program in prison. (*Id*. at 1-2.)

To the extent Petitioner argues that he is entitled to credit for the 29 months of supervised release that he served on his underlying conviction, his argument is completely without merit. Section 3583(h) of Title 18 of the United States Code provides that

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h). "This text clearly authorizes courts to impose sentences that include both new prison time and new supervised release terms." *United States v. Pettus*, 303 F.3d 480, 484 (2nd Cir. 2002). Neither section 3583(e)(3), which governs the imposition of a prison term upon

12

revocation of supervised release, nor section 3583(h), which governs the imposition of supervised release following revocation, require that a defendant be credited for time served on his underlying conviction. *Id*. at 485; *see also United States v. Cade* 236 F.3d 463, 467 (9th Cir. 2000) ("[I]f a defendant repeatedly violates the conditions of supervised release, the court may repeatedly impose new terms of supervised release without credit for time served on supervised release."). Instead, section 3583(e)(3) provides that courts may "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision." 18 U.S.C. § 3583(e)(3). Similarly, section 3583(h) requires only that courts credit defendants with time spent in prison "that was imposed upon the revocation of supervised release." 18 U.S.C. § 3583(h); *see Pettus*, 303 F.3d at 485.

Petitioner's underlying conviction for a Class A felony carried a five year maximum period of supervised release. 18 U.S.C. § 3583(b)(1). We did not err in sentencing Petitioner to a prison term of only 37 months. Furthermore, our imposition of an 18-month period of supervised release took into account Petitioner's period of post-revocation confinement and did not exceed the five-year maximum set forth by statute. Petitioner's argument is frivolous.

Finally, we reject Petitioner's argument that he is entitled to early release as a result of his completion of 500 hours of drug treatment while in prison. Section 3621(e)(2)(B) of Title 18 of the United States Code provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). However, "18 U.S.C. § 3621(e)(2)(B), [also] grants the BOP the discretion to categorically exclude classes of prisoners from eligibility for

13

early release." *Gardner v. Grandolsky*, 585 F.3d 786, 789 (3d Cir. 2009). Moreover, the Supreme Court has held that "excluding the class of prisoners convicted of a felony involving possession of a dangerous weapon is a permissible exercise of that discretion[.]" *Id*. at 790 (citing *Lopez v. Davis*, 531 U.S. 230, 244 (2001)).

Despite his assertions to the contrary, Petitioner was not told that he would receive time off. Petitioner was sentenced for violating the conditions of his supervised release. Petitioner was informed that the BOP drug program provides benefits beyond just helping with drugs, such as time off. However, the BOP determines whether Petitioner is eligible for any benefits. The BOP acted within its discretionary authority in determining that Petitioner was precluded from early release because his underlying conviction "involved the carrying, possession, or use of a firearm" which "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." (Pet'r's Mot. to Am. Ex. A.) Again, Petitioner's argument fails.

## V. CERTIFICATE OF APPELABILITY

The Third Circuit's Local Appellate Rules instruct:

> At the time a final order denying a petition under 28 U.S.C. § 2254 or § 2255 is issued, the district judge will make a determination as to whether a certificate of appealability should issue. If the district judge issues a certificate, the judge must state the specific issue or issues that satisfy the criteria of 28 U.S.C. § 2253. If an order denying a petition under § 2254 or § 2255 is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report.

Third Circuit L.A.R. 22.2. Under 28 U.S.C. § 2253, a defendant seeking a certificate of appealability must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has raised no viable claims.  No reasonable jurist could disagree with this assessment. Therefore, a certificate of appealability will not issue.

**VI.     CONCLUSION**

For the foregoing reasons, Petitioner's Motion will be denied, and a certificate of appealability will not issue.

An appropriate Order follows.

                                                **BY THE COURT:**

                                                _____
                                                **R. BARCLAY SURRICK, J.**